UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEN UMEZE, MD,<br><br>                    Plaintiff,<br><br>-against-<br><br>NEW YORK STATE DEPARTMENT OF HEALTH, DR. JAMES V. MACDONALD, COMMISSIONER OF NEW YORK STATE DEPARTMENT OF HEALTH, AMIR BASSIRI, NEW YORK STATE MEDICAID DIRECTOR, THE NEW YORK STATE OFFICE OF MEDICAID MANAGEMENT, and THE STATE OF NEW YORK,<br><br>                    Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 12/19/2024<br><br>1:24-cv-7425 (MKV)<br><br>ORDER DENYING MOTION<br>FOR EMERGENCY RELIEF |

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff, proceeding *pro se*, filed this action against the New York State Department of Health, Dr. James V. Macdonald, Commissioner of New York State Department of Health, Amir Bassiri, New York State Medicaid Director, The New York State Office of Medicaid Management, and The State Of New York [ECF No. 1 ("Cmpl.")]. Plaintiff alleges that he is a doctor who has long provided care to recipients of Medicaid through a contract with "Health First, a New York State licensed Medicaid Managed Care Organization." Cmpl. ¶ 5; *see id.* ¶ 11. He further alleges that Health First failed to make certain payments and, later, sent him a notice of non-renewal without resolving the outstanding payments. Cmpl. ¶¶ 14, 16.

Plaintiff does not name Health First as a defendant. Rather, in his Complaint, he alleges that the New York State Department of Health is a proper party because "it holds the responsibility for ensuring that Medicaid providers, like the Plaintiff, receive appropriate payments for services rendered . . . ." Cmpl. ¶ 7. Plaintiff asserts that he is suing the New York State Department of

Health "as part of a claim for injunctive relief due to its role in regulating the Medicaid managed care plan, Health First . . . ." *Id*.

Plaintiff asserts a claim for breach of contract and a claim, pursuant to 42 U.S.C. § 1983, for violation of his Fourteenth Amendment right not to be deprived of property without due process of law. *See* Cmpl. ¶¶ 17–20. He also asserts a Section 1983 claim based on the Equal Protection Clause. *See* Cmpl. ¶¶ 21, 22. Finally Plaintiff asserts a claim he styles as "Failure to Increase Capitation Rates in Violation of Medicaid Policies. Cmpl. ¶¶ 24, 25.

On December 3, 2024, Plaintiff filed a motion for emergency relief [ECF No. 14 ("Mot.")]. He requested an order directing "**HealthFirst, Inc.** to stay the termination" of Plaintiff's contract and "to immediately retract [allegedly] misleading patient notification letters" stating that Plaintiff is no longer in the HealthFirst network. Mot. at 2 (emphasis in original). Plaintiff further requests an order directing the New York State Department of Health "and its officials . . . to require HealthFirst to halt implementation of the termination." *Id.*

Shortly thereafter, Defendants filed a pre-motion letter seeking leave to file a motion to dismiss Plaintiff's Complaint [ECF No. 15 ("PML")]. Defendants principally argue that "[t]his is fundamentally a contract dispute" between Plaintiff and Health First. PML at 2. They contend that "Defendants are not parties to [the] contract[]" and cannot provide the relief Plaintiff seeks in this lawsuit. *Id*. Defendants futther argue that "Plaintiff's claims are barred by the Eleventh Amendment" and that "claims under § 1983 cannot be maintained against the State, the Agency Defendants, or McDonald or Bassiri in their official capacities." *Id.* at 2–3.

On December 16, 2024, the Court held a conference in this matter. As the Court explained on the record at the conference, Plaintiff has not made the showing required to obtain emergency relief. Liberally construing the *pro se* Plaintiff's submission, the Court treated the motion as a request for a preliminary injunction.

2

As Plaintiff acknowledges in his motion, *see* Mot. at 2–3, to obtain a preliminary injunction, the moving party must show: (1) "a likelihood of success on the merits," (2) "a likelihood of irreparable injury," (3) "the balance of hardships tips in the plaintiff's favor," and (4) that the "public interest would not be disserved by the issuance of an injunction." *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015). "Such relief . . . is an extraordinary and drastic remedy." *Moore v. Consol. Edison Co. of New York*, 409 F.3d 506, 510 (2d Cir. 2005). The movant has the burden to show that he is entitled to relief, which "should not be granted unless" he carries his burden "by a clear showing." *Id.*

Crucially, with limited exceptions that Plaintiff has not shown apply to this case at this stage, "a court generally may not issue an order against a nonparty." *United States v. Paccione*, 964 F.2d 1269, 1275 (2d Cir. 1992); *see Doctor's Assocs., Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302 (2d Cir. 1999) (courts "can bind only persons who have placed themselves or been brought within the court's power."); ("[A]"); 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2956, at 335 (2d ed. 1995). Plaintiff principally seeks orders directing Health First not to terminate its contract with Plaintiff and to retract letters regarding the termination. *See* Mot. at 2. However, Health First is not a party because Plaintiff has not sued Health First. As such, the Court lacks power to issue the requested orders against Health First. *See Paccione*, 964 F.2d at 1275. Alternatively, Plaintiff fails to show a likelihood of success on the merits of any claim against Health First because he does not assert any claims against Health First.

With respect to Plaintiff's request for an order directing the New York State Department of Health "and its officials . . . to require HealthFirst to halt implementation of the termination," Mot. at 2, Plaintiff fails to establish standing and a likelihood of success on the merits. A "plaintiff must demonstrate standing for each claim and form of relief sought." *Cacchillo v. Insmed, Inc.*,

638 F.3d 401, 404 (2d Cir. 2011) (internal quotation marks and citation omitted).  Again, the plaintiff has the burden.  *See id.*  To establish standing, the plaintiff must show injury in fact, causation, and redressability.  *Id.*  Plaintiff has not shown that the New York State Department of Health or the officials he has named as defendants caused the imminent termination of his contract with Health First or are capable of providing redress.

On the record at the conference on December 16, 2024, Plaintiff strenuously argued that the State of New York has total authority to dictate with whom Health First contracts.  However, Plaintiff's unsupported assertion about the relationship between the defendants and a non-party is not sufficient to carry his burden to establish standing and obtain extraordinary relief.  *See Moore*, 409 F.3d at 510; *Cacchillo*, 638 F.3d at 404; *Perez v. Arnone*, 600 F. App'x 20, 23 (2d Cir. 2015).  Indeed, Plaintiff attached to his own motion a letter from Health First stating: "**Healthfirst** is hereby **exercising the right** not to renew the Agreement" [ECF No. 14 at 8 (emphases added)].  As such, Plaintiff's own evidence seems to contradict his assertion that Health First has no decision-making authority over its own contractual relationships.

Further, while Plaintiff was adamant at the conference that the State is a party to his contract with Health First, Plaintiff has not submitted the contract to the Court, either as an attachment to his Complaint or as an exhibit to his motion for emergency relief.  Although the contract is not on the record before the Court on this motion, Plaintiff did briefly show the contract to the Court at the conference.  The contract appeared to state that it is an agreement between Plaintiff and Health First, which contradicts Plaintiff's unsupported assertion that it is a three-party contract among Plaintiff, Health First, and the State of New York.  As noted above, Defendants expressly represent that they are not parties to Plaintiff's contract with Health First and cannot provide him the relief he seeks.  PML at 2.  As such, Plaintiff has not shown standing to pursue

4

the relief he seeks from the New York State Department of Health and the officials he has named as defendants. *See Cacchillo*, 638 F.3d 404.

Accordingly, Plaintiff's motion for emergency relief is DENIED. Defendants' request for leave to file a motion to dismiss is GRANTED. As the Court stated at the conference, Defendants' motion is due January 15, 2025.

The Court also granted Plaintiff leave to file any Amended Complaint, to name the party with whom he has a contractual relationship and against whom he seeks relief, by December 30, 2025. **This is Plaintiff's last opportunity to amend to cure any issue raised in Defendants' pre-motion letter.**

**Plaintiff has leave to renew his motion for emergency relief once he serves both the Amended Complaint and his motion on any newly named defendants.**

The Clerk of Court respectfully is requested to terminate the motion at ECF number 14 and to mail a copy of this Order to Plaintiff.

**SO ORDERED.**

**Date: December 19, 2024**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**