UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEN UMEZE, MD,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　-against-<br><br>NEW YORK STATE DEPARTMENT OF HEALTH, DR. JAMES V. MACDONALD, COMMISSIONER OF NEW YORK STATE DEPARTMENT OF HEALTH, AMIR BASSIRI, NEW YORK STATE MEDICAID DIRECTOR, THE NEW YORK STATE OFFICE OF MEDICAID MANAGEMENT, and THE STATE OF NEW YORK,<br><br>　　　　　　　　　　Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:　　　　　　　<br>DATE FILED: 12/27/2024<br><br>1:24-cv-7425 (MKV)<br><br>TEMPORARY RESTRAINING ORDER |

MARY KAY VYSKOCIL, United States District Judge:

　　The Court assumes familiarity with the background facts and procedural history of this case, which are summarized in the Court's earlier Order denying Plaintiff's previous motion for emergency relief [ECF No. 21]. Plaintiff, proceeding *pro se*, seeks an order directing "HealthFirst, Inc. to stay the termination of Plaintiff's participation in its provider network pending the resolution of this [case]," among other relief [ECF No. 25]. Absent a temporary restraining order, Plaintiff's contract with HealthFirst will be terminated on January 1, 2025 [ECF No. 25 at 8], and Plaintiff's medical practice "may be destroyed" as a result, *AIM Int'l Trading LLC v. Valcucine SpA.*, 188 F. Supp. 2d 384, 388 (S.D.N.Y. 2002); *see Roso-Lino Beverage Distributors, Inc. v. Coca-Cola Bottling Co. of New York*, 749 F.2d 124, 126 (2d Cir. 1984).

　　"The purpose of a temporary restraining order is to preserve an existing situation *in statu quo* until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction." *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 107 (2d Cir. 2009) (quoting *Pan Am. World*

*Airways, Inc. v. Flight Eng'rs' Int'l Ass'n, PAA Chapter*, 306 F.2d 840, 842 (2d Cir. 1962)). In order to preserve the status quo, IT IS HEREBY ORDERED that Defendant HealthFirst must temporarily stay the termination of Plaintiff's participation in its provider network. The Court will hold a hearing on Plaintiff's motion on January 8, 2025 at 11:30 a.m.

IT IS FURTHER ORDERED that Plaintiff must (1) immediately serve a copy of his motion and this Order on the defendants and (2) file proof of such service on ECF by 5:00 p.m. on December 31, 2024. *See* Fed. R. Civ. P. 65(b); *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974) (*ex parte* temporary restraining orders are restricted to "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). The Court will vacate this Order if Plaintiff fails to serve his motion and this Order on the defendants. Defendants shall file any opposition to Plaintiff's motion by 5:00 p.m. on January 3, 2025.

The Clerk of Court respectfully is requested to mail a copy of this Order to Plaintiff.

**SO ORDERED.**

**Date: December 27, 2024**  
      **New York, NY**

**MARY KAY VYSKOCIL**  
United States District Judge