UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BEN UMEZE, MD,

                Plaintiff,

-against-

NEW YORK STATE DEPARTMENT OF HEALTH, DR. JAMES V. MACDONALD, COMMISSIONER OF NEW YORK STATE DEPARTMENT OF HEALTH, AMIR BASSIRI, NEW YORK STATE MEDICAID DIRECTOR, THE NEW YORK STATE OFFICE OF MEDICAID MANAGEMENT, and THE STATE OF NEW YORK,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/10/2025

1:24-cv-7425 (MKV)

ORDER VACATING TRO

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff, proceeding *pro se*, brings this action against the New York State Department of Health, Dr. James V. Macdonald, Commissioner of New York State Department of Health, Amir Bassiri, New York State Medicaid Director, The New York State Office of Medicaid Management, and The State Of New York (collectively, the "State"), and Healthfirst PHSP Inc., Healthfirst, and Pat Wang (collectively, "Healthfirst") [ECF Nos. 1 ("Cmpl."), 20, 34-1 ("AC")].[1]  Plaintiff is a doctor who has long provided care to recipients of Medicaid through a contract with Healthfirst. *See* AC ¶ 5.  On October 1, 2024, Healthfirst sent Plaintiff a notice of non-renewal, advising him "that Healthfirst is hereby exercising the right not to renew" its contract with Plaintiff "effective January 1, 2025" [ECF No. 35-3].

---

[1] The handwritten amended complaint filed on ECF at docket entry 20 omits the substance of Plaintiff's allegations and claims.  A document captioned "Amended Complaint" was served on Healthfirst and submitted to the Court by Healthfirst at docket entry 34-1.

Plaintiff filed a motion for emergency relief staying the termination of his relationship with Healthfirst, among other relief [ECF No. 25]. On December 27, 2024, the Court issued a Temporary Restraining Order "to preserve [the] existing situation *in statu quo* until the court ha[d] an opportunity to pass upon the merits of the demand for a preliminary injunction" [ECF No. 27 ("TRO") at 1 (quoting *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 107 (2d Cir. 2009))]. The Court directed Healthfirst to "temporarily stay the termination of Plaintiff's participation in its provider network" and scheduled a hearing for January 8, 2025. TRO at 2.

After the Court issued the TRO, Healthfirst filed a memorandum of law in opposition to Plaintiff's motion for a preliminary injunction and supporting exhibits [ECF Nos. 33 ("Healthfirst Opp."), 34, 35 ("Pike Decl."), 35-1 ("2017 Contract"), 35-2 ("2014 Contract"), 36 ("McLaughlin-Mitchell Decl.")]. In its papers, Healthfirst stresses that its contract with Plaintiff "was not 'terminated'"; rather, Healthfirst "elected to allow it to expire by its own terms, rather than renewing it." Healthfirst Opp. at 1. Healthfirst cites a provision of its contract with Plaintiff which states that "either party may exercise a right of non-renewal at the [yearly January 1st] expiration date" on at least "sixty (60) days' notice to the other party." 2017 Contract § 8.1; *see also* 2014 Contract § 8.1. As noted above, Healthfirst provided Plaintiff with notice of its decision not to renew its contract with Plaintiff on October 1, 2024 [ECF No. 35-3]. The State also filed a brief in opposition to Plaintiff's motion for a preliminary injunction [ECF No. 30].

On January 8, 2025, the Court held a hearing with all parties present. At the hearing, Plaintiff submitted an unauthorized reply brief with exhibits in further support of his motion, which has not yet been docketed. The Court accepted the unauthorized reply and gave Plaintiff ample opportunity to present his case on the record at the hearing.

Having carefully considered the submissions and arguments of all parties, IT IS HEREBY ORDERED that the Temporary Restraining Order [ECF No. 27] is VACATED. Pursuant to Rule

65 of the Federal Rules of Civil Procedure, a Temporary Restraining Order "expires" no more than "14 days" after its entry unless "good cause" is shown to extend it. Fed. R. Civ. P. 65(b)(2). Good cause has not been shown to extend the Temporary Restraining Order that the Court issued on December 27, 2024. The Court will separately issue a ruling on Plaintiff's motion for a preliminary injunction, supported by the Court's findings of fact and conclusions of law, as required by the Federal Rules. *See* Fed. R. Civ. P. 52(a); *Rosen v. Siegel*, 106 F.3d 28, 32 (2d Cir. 1997); *see also* Fed. R. Civ. P. 65(d).

IT IS FURTHER ORDERED that any motions to dismiss are due January 22, 2025. Plaintiff's opposition is due February 21, 2025. Any reply is due March 3, 2025.

The Clerk of Court respectfully is requested to terminate the motion at ECF number 25 and to mail a copy of this Order to Plaintiff.

**SO ORDERED.**

Date: **January 10, 2025**
New York, NY

**MARY KAY VYSKOCIL**
**United States District Judge**